8
MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tonya Neely ) | 09CV2998 |
| Plaintiff ) | JUDGE SHADUR |
| Vs. ) | MAGISTRATE JUDGE COLE |
| Countrywide Home Loans Inc. ) | |
| ) | |
| Advantage Mortgage, Consulting ) | |
| David Lynn & Associates ) | |
| Countrywide Bank N.A. | RECEIVED |
| Erik Gustsaffson, individually | 5-18-2009 |
| Mortgage Electronic Registration Systems Inc. ) | MAY 18 2009 |
| Defendants ) | MICHAEL W. DOBBINS |
| | CLERK, U.S. DISTRICT COURT |

COMPLAINT FOR MORTGAGE FOR MONETARY DAMAGES

NOW COMES Plaintiff Tonya Neely, *pro se*, complaining of the Defendants herein and stating as follows:

INTRODUCTION

Countrywide, in pursuit of market share, engaged in unfair and deceptive practices including the joint venture or agency relationship with Defendant Advance Mortgage Consulting, a mortgage broker who refinanced Plaintiff's loan to an unfair loan product with risky features, who engaged in misleading marketing and sales techniques, and incentivized employees and Defendant Advance Mortgage Consulting to sell Plaintiff a loan with risky features. Countrywide's and Advance Mortgage Consulting's business practices resulted in unaffordable mortgage loan for Plaintiff.

JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C 1331 and 1332

PARTIES

Tonya Neely (hereinafter, "Plaintiff") is a resident of the State of Illinois and owns the real property located at 8538 S. Rhodes Chicago, Illinois 60619 in Cook County, Illinois which is her primary residence.

Defendant COUNTRYWIDE FINANCIAL CORPORATION is a thrift holding company. It has numerous subsidiaries that originate, purchase, securitize, sell and service residential and commercial loans; provide loan closing services such as credit reports, appraisals and flood determinations; conduct fixed income securities underwriting and trading activities; provide property, life and casualty insurance; and manage a captive mortgage reinsurance company. Since December 23, 1980, Defendant COUNTRYWIDE HOME LOANS, INC., a wholly-owned subsidiary of Defendant COUNTRYWIDE FINANCIAL CORPORATION, has been a registered foreign corporation in the State of Illinois. Defendant COUNTRYWIDE HOME LOANS, INC. is a licensed Illinois mortgage bank, holding mortgage banker license MB.0000139, which is issued by the Illinois Department of Financial and Professional Regulations, Division of Banking. Since 2004, Defendant COUNTRYWIDE HOME LOANS, INC. has also done business in Illinois as Full Spectrum Lending.

Defendant Advance Mortgage Consulting is a mortgage broker and doing business in the state of Illinois.

Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter, "MERS") is a Delaware corporation doing business in the State of Illinois whose business is to act as a nominee for lenders.

Defendant Erik Gustaffson was a loan officer working with Defendant Mortgage broker at the time of the Plaintiffs mortgage transaction

### STATEMENT OF FACTS

1. Plaintiff's profession is a nurse and Plaintiff is neither skilled nor educated in the fields of real estate and finance.
2. Plaintiff's race is Black; Plaintiff's color is black.
3. The Property is located within a predominately Black community.
4. On or about September2006, Plaintiff was contacted by Defendant Erik Gustaffason and employee of Advantage by phone to interest Plaintiff in refinancing with Defendant Advance

5. At that time, Plaintiff was told by Defendant Erik Gustaffson that he could reduce her monthly payments on her home mortgage.

6. Plaintiff, prior to refinancing with ant Erik Gustaffason had two mortgages. A first mortgage balance of ___ with Countrywide Home Loans, and a 2nd mortgage balance totaling _____ with Wachovia.

7. The two mortgages had monthly payments respectively of $1,164.19. to Countrywide and a 2nd mortgage to Wachovia $360.35.

8. Plaintiff had no late payments at the time, but was experiencing considerable hardship, being the sole support for her family of three.

9. Defendant Erik Gustaffason subsequently a week later came to Plaintiff's home and took a mortgage application.

10. At all times relavant, Plaintiff clearly stated to Defendant Erik Gustaffason that her primary and only interest was in decreasing her monthly outgo for mortgage payments.

11. Defandant Erik Gustaffason proceeded to process Plaintiff's loan and offered her a 3.5% rate.

12. Plaintiff was told by Defendant Erik Gustaffason that her rate would only climb a little and that when it did he could refinance her mortgage.

13. Defendant Erik Gustaffson failed to adequately explain the mortgage broker's duties and compensation.

14. Plaintiff consulted Defendant Erik Gustaffson to only obtain a lower monthly payment

15. Plaintiff was given a "teaser" rate of 3.5% interest which only temporarily lowered her note for a period of 6 months.

16. Plaintiff was given another adjustable rate loan by the Broker and was charged $4165.09 in fees and the broker pocketed another $8165.00 in yield service premiums from the lender.

17. It was only at the closing that Plaintiff discovered that her new mortgage was again with Countrywide.

18. Plaintiff discovered just 6 months later that her rate increased when her payments ballooned to over $1800 monthly.

19. Plaintiff contacted the broker when her payments increased and was told to come in.

20. At that time Plaintiff, was told that Defendant Erik Gustaffason no longer worked for the company.

21. The manager, and employee of Advance sat down with Plaintiff and explained that she could not get a refinance because there was a prepayment penalty provision in her mortgage.

22. Plaintiff's prepayment period was for three years.

23. At the time, Plaintiff had only had the mortgage for twelve months..

24. Plaintiff subsequently contacted Countrywide about refinancing and was told that there was nothing that could be done for her.

25. Defendant Erik Gustaffson misrepresented Plaintiff's income to qualify Plaintiff for higher debt.

26. Through LO, Broker ordered an appraisal of the Property by Appraiser.

27. The appraiser hired by Defendant Erik Gustaffson appraised the Property at a substantially higher value than the Property was actually worth.

28. The mortgage in first position, which referenced Loan #148374000, (hereinafter, the "Mortgage") defines "loan" as "the debt evidenced by the Note, plus interest, any prepayment charges due under the Note, and all sums due under this Security Instrument, plus interest." (See Paragraph G of the Mortgage.)

29. The rates and terms of the Notes were less favorable to Plaintiff and not Plaintiff had been led to believe.

30. Plaintiff did not understand that she was getting a prepayment penalty and that it would prevent her from refinancing.

31. The Note has an excessively high rate.

32. The Note included overbearing terms, considering Plaintiff's qualifications at the time, including scheduled rate adjustments and ballooning of the debt service.

33. Plaintiff sent a Qualified Written Request to Defendant Countrywide in August of 2008.

34. COUNTRYWIDE HOME LOANS failed to clarify material facts disputed by Plaintiff in said Qualified Written Request within 60 days as required by RESPA.

35. On August 30, 2008, Plaintiff sent a Qualified Written Request (hereinafter, "QWR") pursuant to RESPA to COUNTRYWIDE HOME LOANS *via* certified US Post. (See Exhibit A)

36. On October 8, 2008, COUNTRYWIDE HOME LOANS mailed its acknowledgement of said QWR, alleging that COUNTRYWIDE HOME LOANS received it on September 24, 2008.

37. COUNTRYWIDE HOME LOANS failed to clarify material facts disputed by Plaintiff in the QWR within 60 days as required by RESPA. ( See Exhibit B)

## CLAIMS
### COUNT 1. NEGLIGENCE

38. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.

39. Defendant Countrywide refused to assist Plaintiff with obtaining a lower rate or more favorable financing terms at all times relevant to this action.

40. However when Plaintiff went to an outside broker, Defendant Advance, her mortgage was immediately approved and refinanced with Countrywide with significantly less favorable terms after the short term of the 3.5% teaser rate which lasted only six months.
41. Upon information and belief Countrywide sold the second loan and received significant profit for table funding Plaintiff's mortgage and again retaining servicing rights.
42. The original loan even before Plaintiff refinanced was appraised over $60,000.00 more than the property was worth by appraiser working as an agent for Countrywide.

### COUNT 2. VIOLATION OF RESPA

43. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.
44. The mortgage loan transaction was subject to 12 U.S.C. §2601 et seq., known as the Real Estate Settlement Procedures Act ("RESPA").
45. Plaintiff was overcharged for real estate settlement services in violation of 12 U.S.C. §2607, and was damaged.
46. Pursuant to RESPA, Plaintiff is entitled to a setoff in the amount of three times the yield spread premium against Lender, its successors and/or assigns.
47. COUNTRYWIDE HOME LOANS failed to acknowledge said Qualified Written Request within 20 days as required by RESPA.
48. COUNTRYWIDE HOME LOANS failed to clarify material facts disputed by Plaintiff in said Qualified Written Request within 60 days as required by RESPA.
49. On August 30, 2008, Plaintiff sent a Qualified Written Request (hereinafter, "QWR") pursuant to RESPA to COUNTRYWIDE HOME LOANS *via* certified US Post. (See Exhibit A)
50. On October 8, 2008, COUNTRYWIDE HOME LOANS mailed its acknowledgement of said QWR, alleging that COUNTRYWIDE HOME LOANS received it on September 24, 2008.
51. COUNTRYWIDE HOME LOANS failed to clarify material facts disputed by Plaintiff in the QWR within 60 days as required by RESPA. ( See Exhibit B)
52.

### COUNT 3. MISREPRESENTATION

53. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.
54. Defendant Broker led Plaintiff to believe that she could easily refinance and that his company would do so when the rates increased.

55. When Plaintiff attempted to refinance she discovered that the prepayment penalty prevented that occurrence.
56. Plaintiff was not informed by Defendant Erik Gustaffason that her mortgage had a prepayment clause.
57. Nor was Plaintiff in any way aware that having such a prepayment clause would prevent her from refinancing.
58. Plaintiff would never have agreed to the loan if she had been aware that she could not refinance.
59. At all times relevant, Defendant Erik Gustaffason continued to assure Plaintiff that refinance was no problem.
60. Plaintiff trusted Defendant Broker's oral misrepresentations that she could refinance.
61. The refinance was never an option due to prepayment penalty clause in her mortgage brokered by Advance and originated by Defendant Erik Gustaffason.

## COUNT 4. UNJUST ENRICHMENT

62. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.
63. Defendant Broker received a total of $11,830 in fees and commissions
64. At the time of loan application, Plaintiff's middle credit score was 616..
65. Plaintiff qualified for a fixed rate of 6.2% at the time of her closing..
66. By placing Plaintiff in a unaffordable ARM that only reduced her payment for several months instead of a 6.2 fixed rate which was available through FHA refinance program Plaintiff was placed in a worse situation than before applying with Defendant Advance Mortgage.
67. Defendant Erik Gustaffason, Countrywide and Advance Mortgage Consulting profited over $12,000 in commission and fees while putting Plaintiff in a tenuous situation with no advantage to Plaintiff.
68. Upon information and belief, the yields on Plaintiff's non-conforming loan was an attractive profit source for Defendant Countrywide to broker on the secondary market.
69. Plaintiff's loan is a subprime loans— a type of non-conforming loan, produced higher returns for Countrywide than if Plaintiff was given a simple fixed rate low interest product.
Upon information and belief, investors paid a premium for Plaintiff's loan with high interest rates and prepayment penalties.
70. By the first quarter of 2007, subprime mortgage-backed securities were being sold at a rate of $100 billion per quarter. The explosive growth in subprime mortgage lending also marked a shifting away from traditional underwriting standards.

71. Upon information and belief, Countrywide, was aware of the types of loans and loan features for which investors would pay a premium.
72. Upon information and belief, investor demand and secondary market valuation, therefore, became the primary concern when determining what types of loans to market and sell and at what price, to Plaintiff Neely rather than the Plaintiff's ability to repay the loans.

## COUNT 5. BREACH OF FIDUCIARY DUTY

73. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.
74. Defendant Broker was a licensed Illinois mortgage broker at the time of Plaintiff's loan application.
75. Plaintiff was and is an inexperienced layperson in the field of real estate and finance, having only purchased the subject property in her lifetime..
76. Plaintiff relied on Defendant Broker oral representations that her mortgage would decrease and that she could easily refinance.
77. By making oral misrepresentations to Plaintiff that her mortgage would be refinanced, and not disclosing the negative effect of a prepayment penalty and charging over $12,000 in fees, Defendant Broker and Defendant Erik Gustaffason breached their fiduciary duty to Plaintiff.

## COUNT 6. LACK OF GOOD FAITH

78. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.
79. After Plaintiff discovered that she was in worst circumstances after refinancing with Countrywide than she was prior to refinancing, Plaintiff attempted to seek assistance through Countrywide and was told that they could not do anything to help her other than give her four options listed in Attached Exhibit G
80. Countrywide did not at that time take any responsibility or action to assist Plaintiff after profiting from origination of loan.
81. Countrywide was aware of and had records demonstrating Plaintiffs good payment record with Countrywide from prior mortgage.

## COUNT 7. GROSS NEGLIGENCE

82. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.
83. Defendant Erik Gustaffason and Advance Mortgage Consulting were both negligent in placing Plaintiff in a unaffordable loan that was a precursor to her defaulting.

84. Defendant Erik Gustaffason and Advance knew or should have known and had the responsibility of knowing that the prepayment penalty would preclude Plaintiff from refinancing.
85. Defendant Erik Gustaffason and Advance knew or should have known and had the responsibility of knowing that the subsequent increase would place Plaintiff in a tenous situation and place Plaintiff in danger of losing her home.
86. Defendant Erik Gustaffason and Advance knew or should have known and had the responsibility of knowing that refinancing Plaintiff from a fixed rate of 6.59 to an adjustable of _____ was not to her benefit.
87. Defendant Advance Mortgage Consultingwas negligent in supervision of Defendant Erik Gustaffason in regards to his claims of Plaintiff ability to refinance her mortgage after being placed in a mortgage with a prepayment penalty.

## COUNT 8. APPRAISAL FRAUD

88. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.
89. Advance hired Defendant David Lynn and Associates who appraised the property.
90. Upon information and belief, Plaintiff's property was over appraised by over $60,000.00 dollars.
91. Defendant Erik Gustaffason, Countrywide, Advance Mortgage Consultingand David Lynn and Associates knew or should have known and had the responsibility of knowing that properties in the area of Plaintiffs home of the same type were not valued at $270.000.00.

## COUNT 9. COLLUSION

92. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.
93. Upon information and belief, Defendants Countrywide and Defendant Advance had an agency or joint venture relationship to profit from the brokerage of mortgage loans including Plaintiff's loan.
94. Defendants Countrywide and Defendant Advance Mortgage Consulting both knew that Plaintiff qualified for a better product.
95. Defendants Countrywide and Defendant Advance Mortgage Consulting both were well aware of the amount of profit each would receive by refinancing Plaintiff into a teaser rate.
96. Defendants Countrywide and Defendant Advance Mortgage Consulting both knew that Plaintiff was a layperson and not aware of the policies, procedures and options available to her and more beneficial than which she was put into with her current loan product.
97. Defendants Countrywide and Defendant Advance Mortgage Consulting both intentionally left out material facts as to the risks and detriment of the loan package Plaintiff was sold.

## COUNT 10. BREACH OF CONTRACT

98. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.
99. Plaintiff agreed to refinance her loan due to and relying on Defendant Erik Gustaffason as an employee of Defendant Advance Mortgage Consulting promises to assist her in refinancing as soon as the rate adjusted.
100. When Plaintiff sought to have Defendant honor their words, Plaintiff was told that she could not refinance due to a prepayment penalty in the loan that that was sold to her by Defendants.
101. Defendant Erik Gustaffason knew that refinancing a few months later was not really an option for Plaintiff because of the prepayment penalty clause.

## COUNT 11. FRAUD

102. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.
103. Defendant Erik Gustaffason intentionally made oral statements to Plaintiff that her mortgage was to be refinanced in order to induce her into signing for a loan that she could not get out of or benefit from.
104. Defendant ErikGustaffson's statements as to Plaintiffs ability to refinance were material and Plaintiff relied on these statements to allow her home to be refinanced.
105. Defendant Erik Gustaffason's misrepresentations of the nature of the mortgage were blatant and egregious to Plaintiff's welfare and financial well being.
106. Plaintiff has suffered extreme emotional distress which induced severe medical repercussions and temporary loss of income due to inability to work.
107. Defendant Erik Gustaffason, Countrywide and Advance Mortgage Consulting being professionals in the mortgage industry knew that such a loan that was made to Plaintiff misrepresented to her the true nature and implications of obtaining the mortgage at a teaser rate and then suffering the negative impact when the mortgage increased.
108. Defendant Erik Gustaffason, Advance Mortgage Consulting and Countrywide all had access to and reviewed the Plaintiffs prior mortgage, income, credit report, and the loan application prior to choosing the said loan.
109. Disregarding the negative impact on Plaintiff, Defendant Erik Gustaffason, Advance Mortgage Consulting and Countrywide participated in processing, approving and closing the loan with Plaintiff.
110. Plaintiff relied on the statements that she would be able to refinance was thereby induced into refinancing her home.

## COUNT 12. CONSUMER FRAUD

111. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.

112. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.

113. Defendant Erik Gustaffason intentionally made oral statements to Plaintiff that her mortgage was to be refinanced in order to induce her into signing for a loan that she could not get out of or benefit from.

114. Defendant ErikGustaffson's statements as to Plaintiffs ability to refinance were material and Plaintiff relied on these statements to allow her home to be refinanced.

115. Defendant Erik Gustaffason's misrepresentations of the nature of the mortgage were blatant and egregious to Plaintiff's welfare and financial well being.

116. Plaintiff has suffered extreme emotional distress which induced severe medical repercussions and temporary loss of income due to inability to work.

117. Defendant Erik Gustaffason, Countrywide and Advance Mortgage Consulting being professionals in the mortgage industry knew that such a loan that was made to Plaintiff misrepresented to her the true nature and implications of obtaining the mortgage at a teaser rate and then suffering the negative impact when the mortgage increased.

118. Defendant Erik Gustaffason, Advance Mortgage Consulting and Countrywide all had access to and reviewed the Plaintiffs prior mortgage, income, credit report, and the loan application prior to choosing the said loan.

119. Disregarding the negative impact on Plaintiff, Defendant Erik Gustaffason, Advance Mortgage Consulting and Countrywide participated in processing, approving and closing the loan with Plaintiff.

120. Plaintiff relied on the statements that she would be able to refinance was thereby induced into refinancing her home.

## COUNT 13. VIOLATION OF TILA

121. Plaintiff reincorporates by reference and reinstates herein all the allegations *supra* as if fully pled.

122. The mortgage Plaintiff was sold is a rescindable transaction according to the Federal Truth and Lending Act.

123. Plaintiff has by filing of this lawsuit and sending of the Notice of Recission by certified mail to Countrywide rescinded the loan.

124. The Notice of Recission was mailed on _____. See Attached Exhibit H

125. The annual per centage rate on Plaintiff Truth in Lending Disclosure does not adequately reflect the correct determination of her finance charges as required in The Truth in Lending.

Wherefore, Plaintiff prays that this Honorable Court grant whatever relief it deems just and necessary.

_____
Tonya Neely
8538 S. Rhodes
Chicago, Illinois 60619